FILED

2014 Jan-13  AM 09:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| FRANCES WORLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 4:12-cv-3458-JHE |
| | ) | |
| NORTH ALABAMA FAMILY | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., case in which the plaintiff, Frances Worley, seeks payment from her employer, North Alabama Family Services, Inc. ("NAFS"), for unpaid overtime wages, liquidated damages, attorney's fees and costs pursuant to 29 U.S.C. §§ 216(b) and 217.  (*See* Complaint, Doc. 1).  It is now before the court on the parties' "Joint Motion for Approval of Agreement and Dismissal of Claims with Prejudice."  ("Joint Motion," Doc. 12).  The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).  For the reasons that follow, the court approves the parties' settlement and grants the motion to approve the joint stipulation of dismissal.

## FACTS

Plaintiff began work with the defendant on May 20, 2011, as a resident live-in aide at a resident home operated by defendant for mentally and/or physically disabled adult residents.  Doc. 1 at 2.  Plaintiff alleges NAFS violated the FLSA by refusing to pay her overtime for hours worked in excess of eighty hours in a two-week period, and by depriving her of minimum wage pay by requiring her to work off the clock during her unpaid "sleep time."  *Id*. at 3-4.

The defendant denies Worley regularly worked over forty hours in a work week and denies it deprived her of minimum wage pay.  Doc. 6.  The parties "disagree over the merits of Plaintiff's claims and the amount of overtime compensation owed her."  *Joint Motion*, Doc. 12 at 4.  The parties "agree that the outcome of the case is uncertain and that if this matter were to be litigated to an award by a jury, both Parties would be forced to engage in costly, protracted litigation."  *Id*.  After extensive discovery, plaintiff's deposition, negotiations and exchanges of information, documents and data, the parties have reached a settlement.  *Id*. at 2.  For purposes of this settlement, the defendants have offered plaintiff the full amount of her unpaid overtime wages plus full liquidated damages, along with half of the amount plaintiff claims for unpaid sleep time, plus an equal amount for liquidated damages. Doc. 16.  The "Confidential Settlement Agreement and Release," filed under seal, sets out the amount plaintiff will receive for reimbursement of wages and liquidated damages in an equal amount.  Doc. 16  Additionally, the agreement sets out the amount of attorneys'

2

fees, costs and expenses to be paid to plaintiff's counsel.  The parties state in their Joint
Motion that attorneys' fees and costs were negotiated separately.  Doc. 12 at 1 & 5.

## ANALYSIS

The FLSA provides employees are generally entitled to receive overtime pay at one
and one-half times their regular rate for all hours worked in excess of 40 per week.  *See* 29
U.S.C. § 207(a)(1).  An employer who violates the FLSA is liable to its employee for both
unpaid overtime compensation and for an equal amount in liquidated damages.  29 U.S.C.
§ 216(b).  In an action to recover unpaid overtime compensation, a court is further required
to award a prevailing plaintiff a reasonable attorney's fee and costs of the action.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the
court stated "there is only one context in which compromises of FLSA back wage or
liquidated damage claims may be allowed: a stipulated judgment entered by a court which
has determined that a settlement proposed by an employer and employees, in a suit brought
by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute
over FLSA provisions."  The primary focus of a court's inquiry in determining whether to
approve an FLSA settlement is to ensure that an employer does not take advantage of its
employees in settling their claim for wages and other damages due under the statute.  *Collins
v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

The parties have a legitimate dispute over whether Worley regularly worked over forty
hours in a work week, whether it deprived her of minimum wage pay and the amount of

overtime compensation owed plaintiff.  The defendants' offer to pay plaintiff the full amount of her unpaid overtime wages plus full liquidated damages, along with half of the amount plaintiff claims for unpaid sleep time, plus an equal amount for liquidated damages, as set out in the "Confidential Settlement Agreement and Release" is an appropriate amount for the disputed overtime pay.

Also included in the "Confidential Settlement Agreement and Release" is the agreed-upon attorney's fee, separately negotiated by the parties.  "Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'"  *Davis v. The Filta Group, Inc*., No. 6:10-cv-457-Orl-31KRS, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010)(quoting *Bonetti v. Embarq Mgmt. Co.*, No. 6:07-cv-1335-Orl-31GJK, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)). Because the attorney's fee was separately negotiated, plaintiff's recovery clearly was not affected by the amount of the attorneys' fee.  Although the court could approve the settlement without considering the reasonableness of the attorneys' fee, the court has considered the amount of the fee and finds it to be reasonable.

4

## CONCLUSION

Premised on the foregoing, the court finds the proposed  "Confidential Settlement Agreement and Release" to be fair and reasonable under the circumstances as to the plaintiff. The settlement is due to be approved and this matter dismissed with prejudice.

DONE this 13th day of January, 2014.

_____
JOHN H. ENGLAND, III
UNITED STATES MAGISTRATE JUDGE